# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/10/2019 01:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

ABRAHAM MATHEW, SBN 181110
*abraham@mathewandgeorge.com*
JACOB GEORGE, SBN 213612
*jacob@mathewandgeorge.com*
MATHEW & GEORGE
500 South Grand Avenue, Suite 2050
Los Angeles, California 90071
Telephone: (310) 478-4349
Fax: (310) 478-9580

Attorneys for Plaintiff,
RAVEN JACKSON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL

| | |
|---|---|
| RAVEN JACKSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PRIME NOW LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>(1) Retaliation in Violation of Public Policy;<br>(2) Wrongful Termination in Violation of Public Policy;<br>(3) Hostile Work Environment Harassment;<br>(4) Violation of Lab. Code §§ 226.7, 512(a) (Unpaid Meal Period Premiums);<br>(5) Violation of Lab. Code § 226.7 (Unpaid Rest Period Premiums);<br>(6) Violation of Lab. Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(7) Violation of Lab. Code § 226(a) (Failure Furnish Timely and Accurate Wage Statements);<br>(8) Violation of California Business & Professions Code §§ 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL**<br><br>**[UNLIMITED CIVIL ACTION]** |

Plaintiff Raven Jackson hereby alleges as follows:

## FACTUAL AND LEGAL SUMMARY OF THE CASE

1. Plaintiff Raven Jackson ("Raven" or "Plaintiff") brings this action to recover, among other things, compensatory and punitive damages against Defendant Prime Now, LLC ("Prime" or "Defendants"). The unlawful harassment and retaliation set forth in this Complaint were directed towards Plaintiff as a result of her race and it arose out of her employment with Defendants. In addition, Defendants failed to pay Plaintiff her meal and rest periods and failed to provide her accurate wage statements. Upon Plaintiff's wrongful termination, Defendants also failed to provide her timely and accurate wages. Plaintiff seeks compensatory and punitive damages and statutory penalties for Defendant's unlawful actions.

## JURISDICTION

2. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under which this action is brought do not specify any other basis for jurisdiction.

3. The California Superior Court has jurisdiction over Defendants because each is a corporation and/or entity and/or person that has sufficient minimum contacts in California, each is a citizen of California, or each otherwise purposely availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## PARTIES AND VENUE

4. Plaintiff is and, at all relevant times, was employed in and performed services in the State of California, County of Los Angeles.

5. Plaintiff is informed and believes, and thereon alleges, that Prime is, and, at all relevant times, was a California corporation conducting business in California, the County of Los Angeles. Plaintiff worked at Prime's location in Los Angeles County, California, and her causes of action set forth in this Complaint occurred there.

6. Plaintiff is informed and believes, and thereon alleges, that at the time of the

wrongful conduct alleged herein, and continuing, that Prime met the definition of "employer" set forth at Government Code, § 12926(d) (requiring five or more employees) for liability under the California Fair Employment and Housing Act ("FEHA").

7. The true names and capacities, whether corporate, associate, individual, or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Each Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred, and caused injuries and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

## **JOINT LIABILITY**

8. Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of co-Defendants, and each of them. Moreover Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants.

## **CORPORATE LIABILITY FOR PUNITIVE DAMAGES**

9. Defendants conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by its officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by its officers, directors, and/or managing agents as those terms are used in Civil Code, §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages. Further Defendants had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

///

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. In or about December 2016, Defendants hired Raven to fulfill Amazon Prime orders in a Sprouts Grocery Store. Raven is African American.

11. Amazon Prime orders had to be completed within a short time span of their entry. Since Amazon Prime orders were tracked hourly, failing to complete orders would cause quotas to be missed.

12. Raven's supervisor, Isokegen ("Iso"), required Raven to complete Amazon Prime orders irrespective of her legally mandated rest and meal periods in order to fulfill certain quotas. Although she worked through her rest and meal periods, Raven was never adequately compensated.

13. Raven was subject to racial discrimination and harassment. An older Asian lady with whom Raven worked repeatedly called Raven "Nappy Head" and made other racist comments. Many of Raven's friends, including Stephanie and Efrin, witnessed the older lady demean and abuse Raven on many occasions.

14. Raven complained to Iso about the older lady's racist behavior, but Iso failed to take any remedial measures. As a result of Defendant's implied consent, the older lady continued to harass Raven and refer to her as "Nappy Head."

15. Afterward, a meeting was held between Raven, Iso, the older lady, and two other employees. In the meeting, Raven once more complained to Iso that the older lady was hostile towards her and continued to call her "Nappy Head." In response, the older lady said, "this is why we should conduct background checks on these *type of people*." Iso simply laughed.

16. Soon after the meeting, Raven submitted a written complaint to Iso regarding the hostile work environment she was laboring in. She never received a response from Iso or Human Resources.

17. Approximately a month after the meeting, a Sprouts shopper threatened to harm Raven. The Sprouts shopper was escorted out by a Sprouts security guard but Raven was nevertheless frightened by the incident. Out of concern for her safety, Raven asked to be relocated to a new location.

18. Raven was relocated to a warehouse for Amazon. Soon after, the older lady was also relocated to the same warehouse. In or about October 2017, Raven attempted to login to Defendant's website to sign up for shifts. Raven's access was denied so she contacted Iso. Iso informed her that she had been terminated but offered her no reason or explanation as to why.

## FIRST CAUSE OF ACTION

### Retaliation in Violation of Public Policy

### (Plaintiff against all Defendants)

19. Plaintiff incorporates all paragraphs above as though fully set forth herein.

20. Plaintiff was an employee of Defendants, and Defendants were prohibited from retaliating against Plaintiff for reporting conduct that she reasonably believed violated the law. The complaint can be made to a government agency or to the employer itself.

21. The following statutes were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendants at the time of Plaintiff's employment and termination:

- Government Code § 12940(a) prohibits discrimination on the basis of race.
- Cal. Labor Code § 6310 prohibits discrimination against or demotion of an employee for reporting unsafe working conditions.
- Government Code § 12940(k) requires an employer take all reasonable steps necessary to prevent discrimination and harassment from occurring.

22. As detailed above, Plaintiff made multiple complaints to her supervisors at Prime about race discrimination and unlawful working conditions, such as co-worker harassment. Defendants failed to reasonable steps to prevent such discrimination and harassment.

23. After Plaintiff began making these protected complaints, Defendants retaliated against Plaintiff by terminating her employment.

24. Defendants retaliated against Plaintiff for asserting her rights under the California Labor and Government Codes and reporting a violation of the law.

25. As a result of Defendants' malicious, oppressive, fraudulent, and despicable

violations of various public policies set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Plaintiff against all Defendants)

26. Plaintiff incorporates all paragraphs above as though fully set forth herein.

27. Plaintiff reported the hostile work environment to Defendant and Defendant did not take any appropriate measures to remedy her complaint.

28. Plaintiff's reporting of the hostile work environment to her supervisors was an exercise of Plaintiff's legal right or privilege.

29. It is the law and fundamental public policy of the state of California that an employer may not retaliate against an employee for exercising a right or privilege granted to them by law. This public policy is embodied in statutes including, but not limited to, California Labor Code § 1102.5.

30. Defendants retaliated against Plaintiff for exercising her rights and reporting the hostile work environment by terminating her employment.

31. Accordingly, Defendants wrongfully terminated Plaintiff in violation of California's fundamental public policies.

32. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits and has incurred other economic losses in an amount to be proven at trial.

33. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

34. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

## THIRD CAUSE OF ACTION

**Hostile Work Environment Harassment and Failure to Prevent Hostile Work Environment**

**(Plaintiff against all Defendants)**

35. Plaintiff incorporates all paragraphs above as though fully set forth herein.

36. As detailed above, Defendant's conduct created a hostile work environment for Plaintiff, making the conditions of her employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to California Government Code § 12940. Despite repeated complaints and requests for the hostile conduct to stop, Defendant took no action and subjected Plaintiff to a hostile work environment due to harassment based on race.

37. Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile, abusive work environment and thereby endangering Plaintiff's physical health and making her working conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

38. As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in the amount according to proof.

39. Defendants' actions justify the imposition of punitive damages in that the actions were against public policy. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice in conscious disregard of Plaintiff's rights.

## FOURTH CAUSE OF ACTION

**Violation of Lab. Code §§ 226.7 and 512(a) — Unpaid Meal Period Premiums**
**(Plaintiff against all Defendants)**

40. Plaintiff incorporates all paragraphs above as though fully set forth herein.

41. The applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

42. California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

44. The applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

45. Plaintiff was required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Plaintiff was not authorized or permitted lawful meal periods, and was not provided with one hour's wages in lieu thereof in violation of, among others, Labor Code §§ 226.7, 512, and applicable IWC Wage Orders.

46. Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

47. Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code § 226.7.

48. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code §§ 226.7 and 512(a).

49. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at the regular hourly rate of compensation for each work day that the meal period was not provided.

### FIFTH CAUSE OF ACTION
**Violation of California Labor Code § 226.7(a) — Unpaid Rest Period Premiums**
**(Plaintiff against all Defendants)**

50. Plaintiff incorporates all paragraphs above as though fully set forth herein.

51. The applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

52. California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

Page 7
COMPLAINT

53. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

54. Defendants required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

55. Defendants willfully required Plaintiff to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

56. Defendants failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.

57. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

58. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover one additional hour of pay at her regular hourly rate of compensation for each work day that the rest period was not provided.

### SIXTH CAUSE OF ACTION
**Violation of California Labor Code § 201 and 202**
**Wages Not Timely Paid Upon Termination**
**(Plaintiff against all Defendants)**

59. Plaintiff incorporates all paragraphs above as though fully set forth herein.

60. At all times, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

61. During the relevant time period, Defendants willfully failed to pay Plaintiff who is no longer employed by Defendants her wages, earned and unpaid, either at the time of discharge,

or within 72 hours of her leaving Defendants' employ.

62. Plaintiff's final paychecks did not include all wages owed to Plaintiff.

63. Defendants' failure to pay Plaintiff her wages earned and unpaid at the time of discharge is in violation of California Labor Code §§ 201 and 202.

64. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

65. Plaintiff is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## SEVENTH CAUSE OF ACTION
### Violation of California Labor Code § 226(a)
### Non-compliant Wage Statements
### (Plaintiff against all Defendants)

66. Plaintiff incorporates all paragraphs above as though fully set forth herein.

67. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

68. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure

to correctly identify the total hours worked and the gross wages earned by Plaintiff; and the meal and rest hours worked by Plaintiff.

69. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff has suffered injury and damage to her statutorily-protected rights.

70. Specifically Plaintiff has been injured by Defendants' intentional violation of California Labor Code § 226(a) because he was denied both her legal right to receive, and her protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

71. Plaintiff was also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

72. Plaintiff is entitled to recover from Defendants the greater of her actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars.

73. Plaintiff is also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g).

## EIGHTH CAUSE OF ACTION

**Violation of California Business & Professions Code § 17200, et seq.**

(Against all Defendants)

74. Plaintiff incorporates all paragraphs above as though fully set forth herein.

75. Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

76. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

77. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

78. A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

79. Defendants' failure to pay overtime compensation and other benefits in violation of Cal. Labor Code §§ 510, 1197, 1198, Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

80. Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Pay Minimum Wages

81. Defendants' policies and practices of not paying at least minimum wages violate California Labor Code §§ 1194, 1197 and 1197. This includes, but is not limited to, time Plaintiff worked off-the-clock.

### Failing to Timely Pay Wages Upon Termination

82. Defendants' failure to timely pay wages in accordance with Labor Code §§ 201, 202 and 203, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

83. By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, have obtained valuable property, money and services from Plaintiff and have deprived Plaintiff of valuable rights and benefits guaranteed by law, all to his detriment.

84. Plaintiff suffered monetary injury as a direct result of Defendants' wrongful

conduct.

85. Plaintiff is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff is not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

86. Plaintiff is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

87. Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

**PRAYER**

1. For damages according to proof, including loss of earnings, deferred compensation, and other employment benefits;

2. For interest on the amount of losses incurred in loss of earnings, deferred compensation, and other employee benefits at the prevailing legal rate;

3. For general damages, including, but not limited to, damages for physical injuries and/or physical sickness, according to proof;

4. For other special damages according to proof, including but not limited to reasonable medical expenses;

5. For statutory penalties;

6. For punitive damages according to proof;

7. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set

1  forth above; and pursuant to the Labor Code §§ 1194(a);

2      8.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff all meal and rest periods and failing to pay for all missed meal and rest periods; by failing to pay overtime; by failing to pay minimum wages; by failing to pay timely and earned wages upon termination; by failing to provide accurate itemized wage statements; and by failing to pay all business-related expenses.

    9.    For restitution of unpaid wages to Plaintiff and prejudgment interest from the day such amounts were due and payable;

    10.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

    11.    For such other and further relief as the court may deem just, proper, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: October 8, 2019    MATHEW & GEORGE

By:_____
Abraham Mathew, Attorney for Plaintiff,
RAVEN JACKSON

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 2050
LOS ANGELES, CALIFORNIA 90071

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: October 8, 2019    MATHEW & GEORGE

By:_____

Abraham Mathew, Attorney for Plaintiff,
RAVEN JACKSON